Thomas A. BROOKS, Jr.,
Plaintiff–Appellant,

v.

METRON OF KALAMAZOO,
Defendant–Appellee.

No. 03–1598.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

Thomas A. Brooks, Jr., Kentwood, MI, pro se, for Plaintiff–Appellant.

Daniel R. Gravelyn, Warner, Norcross & Judd, Grand Rapids, MI, for Defendant–Appellee.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

### ORDER

Thomas A. Brooks, Jr., a pro se Michigan resident, appeals a district court order dismissing his civil action for a breach of contract. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brooks sought $2.4 million for his mother. The action concerned alleged mistreatment inflicted on Brooks's mother during her stay at a nursing home. Brooks alleged that his mother was abused and that employees of Metron failed to take reasonable action to treat a dislocated shoulder that his mother suffered while at the nursing home.

Brooks filed a similar lawsuit in the Kent County (Michigan) Circuit Court. However, the state court dismissed the complaint as Brooks was not an attorney and could not represent his mother in court. Rather than appealing this decision, Brooks filed his federal action. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint for lack of subject matter jurisdiction.

On appeal, Brooks argues that since he has not been allowed to represent himself or his mother, he requests that an attorney be appointed to represent their inter-ests. He also states that his mother's equal protection and due process rights have been violated as a result of her abuse.

We review de novo the district court's dismissal of an action for lack of subject matter jurisdiction. *Friends of Crystal River v. United States Envtl. Prot. Agency*, 35 F.3d 1073, 1077–78 (6th Cir.1994).

■ The district court properly dismissed the complaint. Initially, we note that although Brooks requests that an attorney be appointed to represent their interests, Brooks and his mother do not have a constitutional right to appointed counsel. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir.1993). Thus, Brooks and his mother are not entitled to counsel in this court and the district court did not err in denying each individual counsel.

■ Further, Brooks has no standing to pursue this action. The dispute concerns the treatment Brooks's mother received at a nursing home. The United States Supreme Court's principles on standing impose a "general prohibition on a litigant's raising another person's legal rights." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Brooks has not established any special relationship with those rights he see's to assert. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 623 n. 3, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). Consequently, Brooks may not assert the rights of his mother.

In addition, both Brooks and Metron are Michigan citizens. Therefore, there is no diversity of citizenship to establish federal jurisdiction. *See* 28 U.S.C. § 1332(a); *Safeco Ins. Co. of Am. v. City of White*

---

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

*House, Tenn.,* 36 F.3d 540, 545 (6th Cir. 1994).

Finally, Brooks presents his action as a state breach of contract claim. Therefore, he fails to present a federal question.

Accordingly, we deny the request for counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.